United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 8, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10829
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                    Plaintiff-Appellee,

versus

WILLIAM STEPHEN SOLESBEE,

                                    Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:01-CR-27-1-R
---------------------

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

     This court affirmed the sentence of William Stephen
Solesbee.  See United States v. Solesbee, 94 Fed. Appx. 207 (5th
Cir. 2004) (per curiam).  The Supreme Court vacated and remanded
for further consideration in light of United States v. Booker,
125 S. Ct. 738 (2005).  This court requested and received
supplemental letter briefs addressing the impact of Booker.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Solesbee argues that the district court erroneously based his sentence on facts that were neither admitted by him nor found by the jury. He concedes that review is for plain error only due to his failure to raise an appropriate objection in the district court.

To establish plain error, Solesbee must show that there is error, that it is clear, and that it affects both his substantial rights and the integrity of the proceedings. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), cert. denied, __ U.S. __, 2005 WL 1811485 (Oct. 3, 2005) (No. 05-5556). Solesbee has met the first and second prongs of this test because the district court based his sentence upon facts that were neither admitted by him nor found by the jury. See United States v. Mares, 402 F.3d 511, 521 (5th Cir. 2005) cert. denied, __ U.S. __, 2005 WL 816208 (Oct. 03, 2005) (No. 04-9517). Nevertheless, Solesbee is not entitled to relief, as the record does not show that he likely would have received a more lenient sentence if the district court had acted under an advisory sentencing scheme. See Mares, 402 F.3d at 521. Solesbee thus has not established that this error affected his substantial rights. See id.

The judgment of conviction is AFFIRMED IN PART AND REVERSED IN PART for the reasons stated in our initial opinion. The judgment of sentence is AFFIRMED for the reasons given in this opinion on remand.